UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JABARIE MALIK BLEDSOE**                                                                                          **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 4:22-CV-P94-JHM**

**CASSIE THOMPSON et al.**                                                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Jabarie Malik Bledsoe's *pro se* amended complaint (DN 11) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff is a pretrial detainee at the Daviess County Detention Center (DCDC). He sues Daviess County; Southern Health Partners; and, in their individual and official capacities, Nurses Cassie Thompson, Nicki Fentress, and Jenny Phillips, and Doctor Tamberly McCoy. He alleges that on May 2, 2022, his cell, Cell 110, was checked for scabies and Defendants Phillips and Thompson gave half of the cell Permethrin Cream 5% instructing the inmates to massage the cream into their skin and not to take a shower for 12 hours. According to Plaintiff, the inmates were told that after 12 hours, the guards would take them to shower and to change their bed linens, clothing, and jumpsuits; however, only their bed linens and jumpsuits were specially cleaned, not their clothing.

Plaintiff further alleges that on May 6, 2022, Cell 110 was put back on isolation due to the guards not following the nurses' instructions. According to the complaint, on May 17, 2022, Dr. McCoy "finally gave every inmate housed in Cell 110 Permethrin Cream." Plaintiff alleges that his Eighth Amendment rights were violated because Defendants McCoy, Phillips,

Thompson, and Fentress did not isolate the inmates who had scabies, thereby "putting myself and others at risk of getting scabies."

As relief, he requests punitive damages and "dismissal of current charge."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### *A. Eighth/Fourteenth Amendment claims*

Plaintiff alleges that his Eighth Amendment rights were violated by the failure of Dr. McCoy and Nurses Phillips, Thompson, and Fentress to isolate the inmates infested with scabies whom they were treating, thereby putting him at risk of scabies.

A convicted inmate is protected from cruel and unusual punishment by the Eighth Amendment, which includes a right to be free from deliberate indifference to an inmate's serious medical needs. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). The Eighth Amendment does not apply here, however, because Plaintiff is not a convicted inmate. The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Therefore, when a pretrial detainee, like Plaintiff, asserts a claim of denial of medical treatment, the claim is analyzed under the Fourteenth Amendment. *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Richmond*, 885 F.3d at 937 (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). Recently, however, in light of the Supreme Court's decision

in *Kingsley*, the Sixth Circuit articulated the Fourteenth Amendment standard for pretrial detainees alleging unconstitutional medical treatment as follows:

> [A] plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Trozzi v. Lake Cnty.*, 29 F.4th 745, 757 (6th Cir. 2022).

Here, the Court finds that Plaintiff has not alleged an objectively serious medical need because he does not allege that he became infected with scabies. *See Brittain v. Dickerson*, No. 15-2823-JDT-TMP, 2016 WL 4402066, at *7 (W.D. Tenn. Aug. 18, 2016) ("Brittain's speculative fears that latent complications from the stabbing might arise in the future are insufficient to state a claim for deliberate indifference to any present serious medical need."); *compare Acosta v. Mich. Dep't of Corr.*, No. 2:22-CV-164, 2022 WL 16757157, at *7 (W.D. Mich. Nov. 8, 2022) ("[I]t is clear from his complaint that he was diagnosed with scabies and placed in quarantine to prevent the spread of scabies to others. The Court, therefore, concludes that Plaintiff has sufficiently set forth a serious medical need.") (citing *Ciccone v. Sapp*, 238 F. App'x 487, 489 (11th Cir. 2007)). Consequently, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted.

### B. Request to have charge dropped

As to his request that his charge be dropped, Plaintiff cannot obtain such relief in this § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's claims for injunctive relief also will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: December 5, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
     Daviess County Attorney
4414.009